```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| JAMES PATRICK REEDOM, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil No. 2015-21 |
| v. | ) |
|  | ) |
| SOCIAL SECURITY ADMINISTRATION,[1] | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE RURAL DEVELOPMENT, | ) |
| U.S. DEPARTMENT OF THE TREASURY, | ) |
|  | ) |
| Defendants. | ) |

ATTORNEYS:

**James Patrick Reedom**
Fort Worth, Tx.
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court dismiss the complaint of James Patrick Reedom ("Reedom") without prejudice for failure to state a claim.

---

[1] The complaint in this matter named Carolyn Colvin, Commissioner of Social Security as a defendant. In a Freedom of Information Act action, the proper defendant is the agency. *See* 5 U.S.C. § 552(a)(4)(B), (f)(1). Accordingly, the Court will substitute the Social Security Administration as the real party in interest. *See, e.g.*, *Trani, Jr. v. U.S. Justice Dep't*, No. CIV.A. 04-0399 RCL, 2005 WL 3276178, at *1 (D.D.C. July 22, 2005) ("Because a FOIA lawsuit is properly brought against federal agencies, the Court will substitute the DOJ as the real party in interest . . . .").

On March 17, 2015, Reedom filed a complaint asserting several claims under the Freedom of Information Act ("FOIA"). The same day, Reedom moved for leave to proceed *in forma pauperis*.

Reedom alleges that he "request[ed] FOIA information" from the Social Security Administration, the United States Department of Agriculture, and the Internal Revenue Service. Reedom alleges that each of those agencies denied or partially denied his requests. Other than to assert that the requested "records are sufficient and necessary to [Reedom's] retirement and survival," the complaint is devoid of any factual content with respect to the requested records or their subject matter. The complaint does not indicate when Reedom made his alleged requests.

On October 10, 2015, the Magistrate granted Reedom leave to proceed *in forma pauperis*. The Magistrate also issued a Report and Recommendation recommending that the Court dismiss Reedom's complaint without prejudice for failure to state a claim. Reedom filed no objections to the Magistrate's Report and Recommendation.

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)

("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

Having reviewed the record and the Report and Recommendation, the Court finds no error.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 3 is **ADOPTED**; it is further

**ORDERED** that the claims against the United States Department of Agriculture are **DISMISSED**; it is further

**ORDERED** that the claims against the United States Department of Treasury are **DISMISSED**; it is further

**ORDERED** that the claims against the Social Security Administration are **DISMISSED**; it is further

**ORDERED** that, no later than June 23, 2017, Reedom shall, to the extent he wishes to do so, amend his complaint to remedy the defects identified in the Magistrate's October 10, 2015, Report and Recommendation; and it is further

**ORDERED** that, if Reedom fails to file an amended complaint as required by this order, this action may be dismissed.

S\_____
**Curtis V. Gómez**
**District Judge**